

FILED IN OFFICE

OCT 0 7 2011

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| JACK A. RAMSEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2011cv1999980 |
| | ) | |
| BOARD OF REGENTS OF | ) | |
| THE UNIVERSITY SYSTEM | ) | |
| OF GEORGIA; DR. G.P. PETERSON; | ) | |
| DR. JAMES FOLEY; MARITA J. | ) | |
| SULLIVAN; PEARL J. ALEXANDER; | ) | |
| PAM RUFFIN; | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED VERIFIED COMPLAINT
## FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff Jack Ramsey files his First Amended Complaint for Equitable Relief and

Damages against Defendants the Board of Regents of the University System of Georgia; Dr. G.P.

Peterson; Dr. James Foley; Pearl J. Alexander; Pam Ruffin; and Marita J. Sullivan, and alleges as

follows:

### INTRODUCTORY ALLEGATIONS, JURISDICTION AND VENUE

1.

Jack A. Ramsey ("Ramsey") is a citizen of Georgia and resident of DeKalb County,

Georgia.

2.

Defendant Board of Regents of the University System of Georgia ("Board") is the agency

of the State of Georgia that governs, manages and controls the Georgia Institute of Technology

-1-

("Georgia Tech") and employs the President and administrators of Georgia Tech. It is a public employer as that term is defined in O.C.G.A. § 45-1-4(a)(4). Its individual members, as of the filing of this First Amended Complaint, are Kenneth R. Bernard, Jr.; Larry R. Ellis; Rutledge A. Griffin, Jr.; Robert F. Hatcher; C. Thomas Hopkins, Jr., M.D.; W. Mansfield Jennings, Jr.; James R. Jolly; Donald M. Leebern, Jr.; William H. NeSmith, Jr.; Doreen Stiles Poitevint; Willis J. Potts, Jr.; Neil L. Pruitt, Jr.; Wanda Yancey Rodwell; Kessel Stelling, Jr.; and Benjamin J. Tarbutton III, and Count II of this Amended Complaint seeks prospective injunctive relief from the Board members as state officials in their official capacities. The Board is located and conducts its affairs in Fulton County, Georgia.

3.

Defendant Dr. G. P. Peterson is the President of Georgia Tech and a resident of Fulton County, Georgia. He is named in his official and personal capacities.

4.

Defendant Dr. James D. Foley was, at all times relevant to this Amended Complaint, employed by Georgia Tech as the interim Dean of its College of Computing and is, on information and belief, a resident of Fulton County, Georgia. He is named in his official and personal capacities.

5.

Defendant Pam Ruffin was, at all times relevant to this Amended Complaint, employed by Georgia Tech as its Human Resources Director for Georgia Tech's College of Computing, and is, on information and belief, a resident of Fulton County, Georgia. She is named in her official and personal capacities.

-2-

6.

Defendant Pearl J. Alexander was, at all times relevant to this Amended Complaint employed by Georgia Tech as its Senior Director, Human Resources and Diversity Management, and is, on information and belief, a resident of Fulton County, Georgia. She is named in her official and personal capacities.

7.

Defendant Marita J. Sullivan became, effective April 1, 2010, Georgia Tech's interim Associate Vice President for Human Resources, succeeding Chuck Donbaugh. She is, on information and belief, a resident of Fulton County, Georgia. She is named in her official and personal capacities.

8.

This Court has personal jurisdiction over the defendants, has subject matter jurisdiction over this action, and venue is proper in this Court.

## FACTUAL ALLEGATIONS

9.

Plaintiff Ramsey was from  1993 until April 20, 2010 an employee of the Board of Regents at Georgia Tech, and as such was a public employee of a public employer as defined in O.C.G.A. § 45-1-4.

10.

In October, 2009, Plaintiff Ramsey was employed as a Senior Facilities Manager at the College of Computing at Georgia Tech. He had been an exemplary employee of Georgia Tech, receiving its Outstanding Staff Support Award in 2002. Ramsey's job duties as a Senior Facilities

Manager did not include investigations, audits, or reporting fraud, waste and abuse or violation of laws, rules or regulations.

11.

In September or early October, 2009, Plaintiff met with the Ombudsman for Georgia Tech's Office of Internal Audit, John Schultz. Plaintiff, as a citizen of Georgia, met with the Ombudsman motivated by his desire to bring wrongdoing to light and to report to appropriate authorities matters of public concern. Plaintiff disclosed to Mr. Schultz his belief that another Georgia Tech employee, Larry Beckwith, was in violation of or not complying with a law, rule, or regulation, and engaging in activities constituting fraud waste or abuse relating to state programs and operations.

12.

At Ombudsman Schultz' suggestion, Plaintiff met, on October 13, 2009 with Mr. Schultz and Phillip W. Hurd, Georgia Tech's Director of Internal Auditing. At this meeting, Plaintiff disclosed Larry Beckwith's direction that he, Mr. Ramsey, use the Georgia Tech Procurement Card ("PCard") issued to Mr. Ramsey in violation of Georgia Tech rules and regulations; that Beckwith had done the same with another Georgia Tech employee, Daron Foreman; that Beckwith had improperly disposed of Georgia Tech property; and that Beckwith, in violation of Georgia Tech rules and regulations, was working for C. King and Company, a Georgia Tech vendor for projects where Beckwith had some procurement authority. Mr. Ramsey's supported his report with documentary evidence of questionable transactions.

13.

Plaintiff's October 13, 2009 disclosures, like his earlier report to Ombudsman Schultz,

-4-

were motivated by his desire, as a citizen, to bring wrongdoing to light and report these matters of public concern to the appropriate authorities. Plaintiff's October 13, 2009 disclosures reported violations of or noncompliance with a law, rule, or regulation, and reported activities which he reasonably believed constituted fraud waste or abuse relating to the state programs and operations. Near the close of the meeting, Mr. Hurd reminded Mr. Ramsey that "there are protections for people who come forward with fraud, waste or abuse information . . . "

14.

The Board's agents believed and credited Mr. Ramsey's report of fraud, waste or abuse by Larry Beckwith. On November 12, 2009, John M. Fuchko, III, the Board's Chief Audit Officer and interim Associate Vice Chancellor, forwarded the Beckwith matter to the Office of the Attorney General, recommending "that the Attorney General's Office direct the initiation of a criminal investigation of Mr. Larry Beckwith in order to determine whether any criminal laws were violated . . ." The referral made no mention of any misconduct by Plaintiff Ramsey as a "case of potential employee malfeasance," but noted, with regard to Beckwith, that "the institution's [Georgia Tech's] chief legal advisor and associate vice president of human resources have been informed and are awaiting the outcome of the investigation before proceeding with personnel action."

15.

During the course of their investigation, Georgia Tech's internal auditors learned that an African-American Facilities Manager, Daron Foreman, had, like Plaintiff, been directed by Beckwith to use Mr. Foreman's PCard for purchases which, if authorized and appropriate under Georgia Tech's rules and regulations, should have been made on Beckwith's PCard.

-5-

16.

On April 13, 2010, unbeknownst to Ramsey, Defendant Alexander, after attempting to "verify race data," "recommended," "as we have discussed," to Defendant Sullivan that Georgia Tech "proceed with termination" of both Plaintiff Ramsey and Beckwith, and confirmed the "race data" supporting her recommendation the following day. On April 20, 2010, Defendant Alexander forwarded a termination notice letter to Georgia Tech's College of Computing Human Resources Director Pam Ruffin, directing her to "terminate [Ramsey's] employment immediately." Ramsey was summoned to a meeting with Ruffin and the interim director of Georgia Tech's College of Computing Technology Services Organization, Mike Luttrell. Luttrell and Ruffin gave Ramsey the written notice prepared or forwarded by Alexander, but signed by Mr. Luttrell, informing Mr. Ramsey that "we are terminating your employment, effective immediately." Neither Mr. Luttrell nor Ms. Ruffin could identify any evidence to support the accusations of "malfeasance" and "misuse of a Procurement Card" made in the termination notice.

17.

Plaintiff Ramsey appealed the termination notice to Defendant James D. Foley, interim Dean of the College of Computing. Like Mr. Luttrell and Ms. Ruffin, Dean Foley offered no further explanation for the termination notice, but denied Plaintiff relief. Instead, on April 23, 2010, Foley sent a "dear colleagues" electronic mail message to the faculty and staff of the College of Computing reporting "I can tell you . . . that the decision to terminate [Beckwith and Ramsey] came not from me, nor from Mike [Luttrell], nor from anyone in CoC."

18.

Ramsey requested review of the termination notice under Georgia Tech procedures, which provide for review by an Impartial Board of Review.

19.

On June 2, 2010, an Impartial Board of Review heard testimony from Plaintiff, Mr. Hurd, Mr. Luttrell and Ms. Ruffin. After the hearing, the Impartial Board "unanimously recommend[ed] that Management's termination decision be overturned and [Ramsey's] request for reinstatement be granted."

20.

Rather than accept the Impartial Board of Review's recommendation, and without disclosing the recommendation to Plaintiff, Defendant Peterson, on July 2, 2010, demanded that Mr. Ramsey waive his legal rights and accept a probationary job, without the salary and benefits he had lost as a result of the April 20, 2010 termination notice.

21.

Plaintiff Ramsey rejected Defendant Peterson's proposal that he waive his rights and accept probationary employment. On July 20, 2010, Defendant Peterson, *"review[ing] the record of your termination and decision of the Impartial Board of Review in light of the claim of retaliation expressed in your letter of July 9 . . ."* responded that he "must advise that your employment remains terminated effective April 20, 2010."

22.

Plaintiff sought unemployment compensation benefits. Contradicting Defendants' assertions in the termination notice and testimony at the Impartial Board of Review hearing,

Georgia Tech responded to the unemployment compensation benefits claim by asserting that Plaintiff Ramsey had been terminated "for theft of property valued at more than $100." Mr. Ramsey's claim for unemployment benefits was heard on appeal at an August 20, 2010 hearing, and the Administrative Hearing Officer determined that "employer (Georgia Tech) failed to properly substantiate the claims of malfeasant (sic)" and awarded Plaintiff unemployment compensation benefits. Georgia Tech appealed this determination and, on October 4, 2010, the Georgia Department of Labor's Board of Review affirmed the decision. Defendant had the opportunity to appeal this decision to Superior Court, but did not do so.

23.

Plaintiff sought review of Defendant Peterson's July 20, 2010 decision with Defendant Board of Regents. The Board was Ramsey's public employer under § 45-1-4(a)(4) and the legal entity, under the Georgia Constitution and O.C.G.A. § 20-3-30, § 20-3-51, responsible for its and its agents' actions. Its members are the state officials possessing final authority to establish policy with respect to the termination of Ramsey's employment and official policy or custom with regard to the University System of Georgia's compliance with the United States Constitution and Georgia law. Ramsey sought Board review by submitting an Application for Review under policies and procedures established by the Board. Although the Board of Regents' procedures provide for hearings, further investigation, or other actions, the Board took none of these actions, and instead claims to have heard Ramsey's Application for Review at its meeting on November 9th and 10th, 2010. By letter dated November 12, 2010, the Board gave Ramsey notice that it had "decided to uphold the decision of the institution in this matter." With this notice, Ramsey discovered that the Board of Regents, Ramsey's public employer and the entity

-8-

and individuals ultimately responsible for University System compliance with the United States Constitution and O.C.G.A. § 45-1-4, had retaliated against him for activities protected under the United States Constitution and O.C.G.A. § 45-1-4.

24.

On November 12, 2010, Plaintiff gave Defendants Peterson and Board of Regents the *ante litem* notice required by O.C.G.A. § 50-21-16. A true copy of that notice, with its certified mail receipts showing receipt by the Georgia Department of Administrative Services on November 15, 2010, is attached hereto as Exhibit "A."

25.

Defendants, including, specifically, its Human Resources agents, Defendants Sullivan, Alexander and Ruffin, treated Plaintiff differently than similarly situated employees who did not share his race (white/Caucasian), including Mr. Foreman, in pressing for termination of his employment. In particular, Ms. Sullivan pressed to proceed with employment action against Plaintiff Ramsey when she replaced Mr. Donbaugh in early April, 2010 despite Mr. Donbaugh's concern that "we may not have grounds for termination."

26.

Defendant Dean Foley, contradicting assertions by Defendant Ruffin, asserted on April 23, 2010 that "the decision to terminate came not from me, nor from Mike [Luttrell], nor from anyone in CoC (the College of Computing). This action was required by Georgia Tech Internal Auditing, Legal and HR . . ."

27.

Defendants' conflicting positions at the Impartial Board of Review, before the

-9-

Department of Labor, and in electronic mail admissions offer shifting reasons or explanations for the decision to terminate Plaintiff's employment, demonstrating that the reasons offered are a pretext to discriminate against Plaintiff Ramsey because of his race; deny him equal protection of the laws; and to retaliate against him because of his legally protected whistleblowing disclosures.

<u>COUNT I</u>

<u>Retaliation Under O.C.G.A § 45-1-4</u>

28.

All allegations of the Complaint are incorporated herein by reference.

29.

Plaintiff Ramsey's actions in September and October, 2009 constitute activities protected from retaliation by O.C.G.A. § 45-1-4.

30.

Defendant Board of Regents, through its action in refusing to reverse Defendant Peterson's refusal to accept the recommendation of Georgia Tech's Impartial Board of Review to reinstate Plaintiff to his position as Senior Facilities Manager, retaliated against Plaintiff in violation of O.C.G.A. § 45-1-4(d).

WHEREFORE, Plaintiff prays that the Court grant Plaintiff trial by jury, and award him all the relief to which he is entitled under O.C.G.A. §45-1-4(e)(2) from the Board of Regents, including:

(a)    Reinstatement to a position as Senior Facilities Manager or an equivalent position;

(b)    Reinstatement of full fringe benefits and seniority rights;

(c)     Compensation for lost wages, benefits and other remuneration;

(d)     Any other compensatory damages allowed by law; and

(e)     Plaintiff's reasonable attorney fees, court costs, and litigation expenses.

## COUNT II

### 42 U.S.C. § 1983 Claim for Prospective Injunctive Relief

31.

All allegations of the Complaint are incorporated herein by reference.

32.

At all times relevant to this Claim the Defendant Board members were state officials, acting in their official capacities, acting under color of state law.

33.

Defendant Board of Regents, state officials acting under color of state law, countenanced intentional violation of Plaintiff Ramsey's constitutional rights to Equal Protection and under the First Amendment to the United States Constitution and deprived Plaintiff of rights secured by the United States Constitution by its failure to reverse Defendant President Peterson's action and, instead, accept the Impartial Board of Review's recommendation that Ramsey be reinstated to employment at Georgia Tech.

34.

Plaintiff seeks prospective injunctive relief from the members of the Board of Regents, in their official capacities, in the form of an injunction restoring Plaintiff Ramsey to his employment as a Senior Facilities Manager in the University System of Georgia.

-11-

WHEREFORE, Plaintiff prays that the Court grant Plaintiff prospective injunctive relief in the form of a mandatory injunction compelling the Board of Regents to:

(a)     Reinstate Ramsey to a position as Senior Facilities Manager or an equivalent position;

(b)     Reinstate Ramsey's full fringe benefits and seniority rights;

(c)     Pay Ramsey the wages, benefits and other remuneration lost as a result of the Board's failure to reinstate Ramsey's employment, retroactive to April 20, 2010;

(d)     Pay Plaintiff's reasonable attorney fees, court costs, and litigation expenses; and

(e)     Award such other prospective injunctive relief as the Court finds just.

## COUNT III

### 42 U.S.C. § 1983 Violation of First Amendment Rights

35.

All allegations of the Complaint are incorporated herein by reference.

36.

At all times relevant to this Complaint, the Board of Regents and the individually-named Defendants [DR. G.P. PETERSON; DR. JAMES FOLEY; MARITA J. SULLIVAN; PEARL J. ALEXANDER; and PAM RUFFIN; hereafter "Individual Defendants"] were acting under color of state law.

37.

The Individual Defendants, acting under color of state law, intentionally violated Plaintiff Ramsey's constitutional rights under the First Amendment to the United States Constitution by taking adverse employment actions against Plaintiff for exercising his right of free speech.

38.

Plaintiff Ramsey, as a citizen, spoke out on a matter of public concern by voicing his concerns about Mr. Beckwith's activities to Georgia Tech's Internal Audit Ombudsman and Director of Internal Auditing.

39.

Individual Defendants intentionally retaliated against Plaintiff Ramsey for speaking out on matters of public concern by taking adverse employment action against him and rejecting Georgia Tech's Internal Board of Review recommendation that he be reinstated.

40.

In and after April, 2010, it was clearly established that it was unconstitutional to retaliate against a person for reporting matters of public concern, including misconduct by agents of government entities, such as Plaintiff's reports regarding Mr. Beckwith. This gave fair warning to Individual Defendants that terminating Plaintiff's employment on the basis of his reports of Mr. Beckwith's misconduct was unlawful. Accordingly, the Individual Defendants' conduct was taken with malice and/or reckless indifference to Plaintiff Ramsey's federally protected rights.

41.

The Individual Defendants' actions violated the rights of Plaintiff Ramsey protected by 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution and proximately caused Plaintiff to suffer damages.

42.

Plaintiff has suffered and is entitled to recover compensatory and all other damages permitted by law against the Individual Defendants for their violations.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff trial by jury, and that the jury award him compensatory and punitive damages for the harm caused him by Defendants' deprivation of his Constitutional rights, including:

(a)    The full present value of the salary and benefits Plaintiff would have earned as an employee at Georgia Tech absent the unconstitutional termination of his employment;

(b)    Other compensatory damages allowed by law;

(c)    Plaintiff's reasonable attorney fees, court costs, and litigation expenses.

(d)    Such punitive damages as the jury, in its enlightened conscience, deems just and proper.

## COUNT IV

### Race Discrimination and Denial of Equal Protection
### Under 42 U.S.C. § 1981 and § 1983

43.

All allegations of the Complaint are incorporated herein by reference.

44.

The Individual Defendants, acting under color of state law, intentionally discriminated against Plaintiff Ramsey on account of his race in terminating his employment and Defendant Board, in refusing, despite the recommendation of Georgia Tech's Impartial Review Board, to reinstate his employment, deprived Plaintiff of his constitutional right to equal protection under the law.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff trial by jury, and that the jury award him compensatory and punitive damages for the harm caused him by Defendants' deprivation of his Constitutional rights, including:

    (c)    The full present value of the salary and benefits Plaintiff would have earned as an employee at Georgia Tech absent the unconstitutional termination of his employment;

    (d)    Other compensatory damages allowed by law;

    (c)    Plaintiff's reasonable attorney fees, court costs, and litigation expenses.

    (d)    Such punitive damages as the jury, in its enlightened conscience, deems just and proper.

## COUNT V

### Claims under the Georgia Tort Claims Act

#### 45.

All allegations of the Complaint are incorporated herein by reference.

#### 46.

Plaintiff gave the Board of Regents and the State of Georgia proper *ante litem* of his claims under the Georgia Tort Claims Act. See Exhibit "A."

#### 47.

Defendants Foley, Ruffin, Alexander and Sullivan's actions in seeking and obtaining Plaintiff's termination from employment were taken in the course of their employment by Defendant Board of Regents and did not concern a policy judgment in choosing among alternative consideration of social, political or economic factors.

-15-

48.

Defendant Peterson's actions in rejecting the Impartial Board of Review's recommendation that Plaintiff be reinstated and insisting on a waiver of legal rights and probationary status as a condition of reemployment did not concern a policy judgment in choosing among alternative consideration of social, political or economic factors, or constitute a quasi-judicial action.

49.

Defendant Board of Regents actions in affirming Defendant Peterson's action, without hearing or other action, did not concern a policy judgment in choosing among alternative consideration of social, political or economic factors, or constitute a quasi-judicial action.

50.

Defendants Foley, Ruffin, Alexander and Sullivan were negligent in their investigation, direction, advice, recommendations and/or supervision of the decision to terminate Plaintiff Ramsey's employment, proximately causing Plaintiff's termination from employment and the injuries and damages that were the natural and probable consequence of their negligence.

51.

Defendant Peterson was negligent in his supervision and decisions rejecting the Impartial Board of Review's recommendation and conditioning Plaintiff's reinstatement on a waiver of legal rights and acceptance of probationary status, proximately causing Plaintiff's termination from employment and the injuries and damages that were the natural and probable consequence of his negligence.

52.

Defendant Board of Regents was negligent in its supervision of Georgia Tech's personnel actions relating to Plaintiff Ramsey and in its decision to accept Defendant Peterson's rejection of the Impartial Board of Review's recommendation that Plaintiff Ramsey's employment be reinstated, proximately causing Plaintiff's termination from employment and the injuries and damages that were the natural and probable consequence of their negligence.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff trial by jury, and that the jury award him compensatory and punitive damages for the harm caused him by Defendants' negligence, including:

(a)     The full present value of the salary and benefits Plaintiff would have earned as an employee at Georgia Tech absent Defendants' negligence;

(b)     Other compensatory damages allowed by law;

(c)     Plaintiff's reasonable attorney fees, court costs, and litigation expenses.

(d)     Such punitive damages as the jury, in its enlightened conscience, deems just and proper.

## COUNT VI

### Breach of Implied Covenant of Good Faith and Fair Dealing

53.

All allegations of the Complaint are incorporated herein by reference.

54.

By virtue of his employment by the Board of Regents at Georgia Tech, Plaintiff Ramsey had a contract of employment with the Board, recorded by writings, under which he gave

consideration in the form of services in return for which he was compensated with salary and employee benefits.

55.

Plaintiff Ramsey's employment contract with the Board carried with it the implied covenant that the Board of Regents, as an entity and acting through its agents at Georgia Tech, would at all times act in good faith and deal fairly with him.

56.

By its actions and the actions of its agents, as alleged in this First Amended Complaint, Defendant Board breached the implied covenant of good faith and fair dealing and deprived Ramsey of the benefits of his bargain and contract with the Board of Regents.

WHEREFORE, Plaintiff prays that the Court grant Plaintiff trial by jury, and that the jury award him compensatory damages for the harm proximately caused him by the Defendant Board of Regents' breach of the implied covenant of good faith and fair dealing, including:

(a)   The full present value of the salary and benefits Plaintiff would have earned as an employee at Georgia Tech absent Defendant Board's breach of the implied covenant of good faith and fair dealing;

(b)   Other compensatory damages allowed by law;

(c)   Plaintiff's reasonable attorney fees, court costs, and litigation expenses.

**COUNT VII**

**ATTORNEY FEES AND LITIGATION EXPENSES**

57.

All allegations of the complaint are incorporated herein by reference.

-18-

58.

By engaging in the conduct as alleged herein, Defendants have violated Plaintiff's rights protected by 42 U.S.C. § 1981, § 1983 and the United States Constitution, and have acted in bad faith, causing Plaintiff unnecessary trouble and expense.

59.

Plaintiff is entitled to recover its attorneys' fees and litigation expenses for such conduct pursuant to 42 U.S.C. § 1988, O.C.G.A. § 13-6-11, O.C.G.A. § 45-1-4(f), as well as other provisions of Georgia law.

60.

Defendants are liable to Plaintiff for such costs and expenses in amounts to be proven at trial.

## COUNT VIII: PUNITIVE DAMAGES
## AGAINST ALL DEFENDANTS

61.

All allegations of the complaint are incorporated herein by reference.

62.

By engaging in the conduct as alleged herein, Defendants' actions showed willful misconduct, malice, wantonness and oppression, or that entire want of care raising the presumption of conscious indifference to consequences, entitling Plaintiff Ramsey to recover punitive damages on the causes of action asserted for which punitive damages may be awarded.

WHEREFORE, having alleged the forgoing, Plaintiff demands a TRIAL BY JURY and

prays that the jury award him such punitive or exemplary damages as it deems just and proper.

Respectfully submitted this 7th day of October, 2011.

BODKER, RAMSEY ANDREWS
WINOGRAD & WILDSTEIN, P.C.

Robert E. Rigrish
Georgia Bar No. 605573
Attorneys for Plaintiff

One Securities Centre
3490 Piedmont Road, Suite 1400
Atlanta, Georgia 30305-4808
(404) 351-1615

Undersigned counsel hereby verifies, as required by O.C.G.A. § 50-21-35, that a copy of

Plaintiff's foregoing First Amended Verified Complaint, showing the date of its filing, shall be

mailed on today's date to the Attorney General at his or her usual office address, by certified

mail or statutory overnight delivery, return receipt requested.

Robert E. Rigrish
Georgia Bar No. 605573
Attorney for Plaintiff

-20-

## VERIFICATION

STATE OF GEORGIA

COUNTY OF FULTON

PERSONALLY APPEARED before me, an officer duly authorized by law to administer oaths, Jack A. Ramsey, who after first being duly sworn, states that he is the Plaintiff in the within and foregoing **VERIFIED FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**, that he has read the said Verified First Amended Complaint for Equitable Relief Damages, and that the facts contained therein are true and correct.

Jack A. Ramsey

Sworn to and subscribed
before me this 7th day
October, 2011.

Notary Public

My Commission Expires:
Sept. 24, 2014

-21-

EXHIBIT
A



**bodker»ramsey»andrews**
**winograd»wildstein**

Email: rrigrish@brawwlaw.com
Direct Dial 404-564-7485

November 12, 2010

By Certified Mail, Return Receipt Requested No. 7010 2780 0001 2305 1025;
First Class Mail; and Electronic Mail to: riskmanagement@doas.ga.gov;
burns.newsome@usg.edu; president@gatech.edu

Mr. Chris Risley
Director, Risk Management Services
Risk Management Division
Georgia Department of Administrative Services
200 Piedmont Avenue SE, Suite 1804, West Tower
Atlanta, Georgia 30334-9010

Dr. G.P. Peterson
President
Georgia Institute of Technology
292 Tenth Street NW
Atlanta, GA. 30318
president@gatech.edu

J. Burns Newsome, Esq.
Vice Chancellor for Legal Affairs
Office of Legal Affairs
Board of Regents of
The University System of Georgia
Room 7037
270 Washington Street, S.W.
Atlanta, GA  30334

       Re:    Georgia Institute of Technology & Jack Ramsey
            O.C.G.A. § 50-21-26 Notice of Claim
            Our File No. 13457.01

Gentlemen:

       Please take notice of the claim of our client, Jack Ramsey, as required by
O.C.G.A. § 50-21-26 for certain tort claims against the state of Georgia. The state
government entities, the acts or omissions of which are the basis of this claim, are the
Georgia Institute of Technology and its College of Computing and the University System
of Georgia, acting through the previously identified entities and its Board of Regents.

*Notice of Claim, Jack Ramsey*
*November 12, 2010*
*Page 2*

The transactions or occurrences out of which Mr. Ramsey's losses arose occurred on April 20, 2010 when Mr. Ramsey's employment at the Georgia Institute of Technology was terminated, purportedly by Michael Luttrell, Interim Director of the College of Computing's Technology Services Organization; on July 20, 2010, when Georgia Institute of Technology President G. P. Peterson refused to accept the recommendation of the Institute's Impartial Board of Review that Mr. Ramsey be reinstated to his previous position; and October 12th or 13th, 2010, when the Board of Regents decided to "continue [Mr. Ramsey's] appeal for further review" rather than reinstate his employment and make him whole for his losses incurred to date. The place(s) of the transactions or occurrences are the Georgia Institute of Technology and the Board of Regents' October 12-13, 2010 meeting.

The nature of the loss suffered by Mr. Ramsey is the value of compensation and benefits attendant to his position at the Georgia Institute of Technology, including his salary, employment benefits, and the value of his anticipated employee retirement and pension benefits, together with the costs and attorney fees incurred in protecting his rights and value attributable to the emotional distress and harm inflicted on him by these wrongful acts and omissions. The present value of loss to Mr. Ramsey is claimed as being approximately $1.5 million dollars, depending on the calculation of the present value of Mr. Ramsey's expected stream of income; the present value of his employee benefits, including pension benefits; his current and anticipated legal fees and costs; and the value attributable to his emotional distress and nonpecuniary loss.

The records pertaining to Mr. Ramsey's claims are summarized in his administrative appeal submission to the Board of Regents, dated September 28, 2010. Other records relevant to this Notice of Claim are in the custody of the Georgia Institute of Technology and in the records of the Georgia Department of Labor Appeals Tribunal and its Board of Review, under Docket Nos. 37487B-10 and 37487-10. A copy of the Department of Labor's final Board of Review decision is attached to this letter.

Very truly yours,

BODKER, RAMSEY, ANDREWS,
WINOGRAD & WILDSTEIN, P.C.

Robert E. Rigrish
For the Firm

RER:jc

U.S. Postal Service
CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| Postage | $ | .61 |
| Certified Fee | | 2.80 |
| Return Receipt Fee (Endorsement Required) | | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.71 |

Postmark Here

Sent To Mr. Chris Risley
Risk Management Division
Street, Apt. No.; Dept. of Administrative Srvs.
or PO Box No. 200 Piedmont Avenue, SE,
City, State, ZIP+4 Suite 1804, West Tower
Atlanta, GA 30334-9010

7010 2780 0001 2305 1025

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Chris Risley
Director, Risk Management Services
Risk Management Division
GA. Dept. of Administrative Services
200 Piedmont Avenue SE
Suite 1804, West Tower
Atlanta, Georgia 30334-9014

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Alan L. Sherman_   ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
_Alan L. Sherman_   11/15/06

D. Is delivery address different from item 1?   ☒ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7010 2780 0001 2305 1025

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



GEORGIA DEPARTMENT OF LABOR - BOARD OF REVIEW
Suite 801, 148 Andrew Young International Blvd. NE
Atlanta, GA 30303-1751
404-232-3325   Fax 404-232-3339
BoardofReview@dol.state.ga.us

Appealing Party   Employer

Appeal Filed      09/08/2010

Docket# 37487B-10
CC# 3400

Claimant
JACK RAMSEY

JACK RAMSEY



Employer
GA INSTITUTE OF TECH

After notice to the parties, the Board of Review carefully considered
the record evidence and the contentions of the parties in the above
matter.

The Board of Review adopts the findings of the Administrative Hearing
Officer and hereby affirms the decision.

Released at Atlanta, Georgia on 10/04/2010

THE BOARD OF REVIEW

HERBERT C. GREEN
CHAIRMAN

XERNONA C. BRADY
MEMBER

DECISION BECOMES FINAL 10/19/10

JUDICIAL REVIEW RIGHTS EXPIRE 11/03/10

See next page

JACK RAMSEY

Docket# 37487B-10
Page 2

COPIES OF THIS DECISION WERE MAILED TO

JACK RAMSEY


GA INSTITUTE OF TECH
801 ATLANTIC DR NW
ATLANTA GA  30332

GA INSTITUTE OF TECH
C/O TALX EMPLOYER SERVICES
PO BOX 1160
COLUMBUS OH  43216



$005.71⁰
PITNEY BOWES
02 1P $
0004448910 NOV 12 2010
MAILED FROM ZIP CODE 30309
UNITED STATES POSTAGE

ive Services
204, West Tower

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*
For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ .61 |
| Certified Fee | 280 |
| Return Receipt Fee (Endorsement Required) | 2.30 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.71 |

Postmark Here

Sent To Mr. Chris Risley
Risk Management Division
Street, Apt. No. Ga. Dept. of Administrative Srvs.
or PO Box No. 200 Piedmont Avenue, SE,
City, State, ZIP+4 Suite 1804, West Tower,
Atlanta, GA 30334-9010

7010 2780 0001 2305 1025
7010 2780 0001 2305 1025
CERTIFIED MAIL

bodker»ramsey»andrews
winograd»wildstein

One Securities Centre
3490 Piedmont Road » Suite 1400
Atlanta, Georgia 30305-4808

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Chris Risley
Director, Risk Management Services
Risk Management Division
GA. Dept. of Administrative Services
200 Piedmont Avenue SE
Suite 1804, West Tower
Atlanta, Georgia 30334-9014

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by ( Printed Name )       C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)

7010 2780 0001 2305 1025

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

Certified Mail

- A mailing recei
- A unique identi
- A record of del

*Important Remin*
- Certified Mail m
- Certified Mail is
- NO INSURAN valuables, plea
- For an additio delivery. To obta Receipt (PS For fee. Endorse m a duplicate retu required.
- For an additio addressee's aut endorsement "
- If a postmark o cle at the post receipt is not ne

**IMPORTANT: Say**
PS Form 3800, Augu